IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA ZELAYA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNICCO SERVICE COMPANY )<br>)<br>275 Grove Street )<br>Suite 3-200 )<br>Auburndale, MA 02466 )<br>)<br>CARLOS ALARCON, *et al.*, )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 1:07-cv-02311 RCL |

**DEFENDANT UNICCO SERVICE COMPANY'S MOTION TO DISMISS
COUNTS TWO, THREE AND FIVE OF COMPLAINT**

Defendant UNICCO Service Company, ("UNICCO"), by and through undersigned counsel, hereby respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and § 2-1403.16 of the District of Columbia Code, to dismiss with prejudice counts two, three (in part) and five of the complaint as against UNICCO. For the reasons set forth in the accompanying Memorandum of Points and Authorities, Plaintiff fails to state a claim upon which relief can be granted for count five of the complaint, and Plaintiff's D.C. Human Rights Act claims, count two and count three (part) of the complaint, are barred by the statute of limitations.

Dated March 5, 2008

Respectfully submitted,


/s/
_____
Joseph E. Schuler (DC Bar #296269)
JACKSON LEWIS LLP
8614 Westwood Center Drive, Suite 950

Vienna, VA 22182
schulerj@jacksonlewis.com
(703) 821-2189 (telephone)
(703) 821-2267 (facsimile)

*Attorneys for Defendant UNICCO Service Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA ZELAYA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07-cv-02311 RCL |
| ) | |
| UNICCO SERVICE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNICCO SERVICE COMPANY'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS COUNTS TWO, THREE AND FIVE OF COMPLAINT**

**INTRODUCTION**

Plaintiff Blanca Zelaya ("Zelaya"), filed a Complaint on December 21, 2007, naming in her caption, as Defendants, UNICCO Service Company ("UNICCO"), Carlos Alarcon, Oscar Argueta, and Carlos Fernandez.[1] Defendant UNICCO executed a Waiver of Service of the Summons on January 7, 2008, agreeing to file a response to the Complaints within sixty (60) days. The Complaint seeks damages against Defendant UNICCO for gender discrimination and retaliation under Title VII and the District of Columbia Human Rights Act ("DCHRA") allegedly suffered by Zelaya in connection with her employment by UNICCO. *See* Complaint ¶1 and Counts One, Two, and Three. The Complaint also seeks damages for UNICCO's alleged intentional interference with prospective contractual relations. *See* Complaint ¶1 and Count Five. The Court should dismiss Zelaya's DCHRA claims under Counts Two and Three because they were not filed within one year of the date the claim arose and therefore are untimely, and the claim for intentional interference with prospective contractual relations asserted in Count Five because it fails to state a claim upon which relief can be granted in that she has failed to

---
[1] It is Defendant UNICCO's understanding that service has not been perfected as to any of the individual defendants.

state facts to support all of the necessary elements of a cause of action for interference with her employment relationships with her new employer, Cavalier.

## SUMMARY OF FACTS MATERIAL TO MOTION

Plaintiff alleges that she was subjected to discrimination and retaliation during her employment at UNICCO, as follows. Plaintiff alleges that UNICCO provides cleaning services to buildings in the District of Columbia and that she began working for UNICCO as a custodian providing cleaning services to a building known as 1200 K Street on December 20, 2004. *See* Complaint ¶5, 10. Plaintiff alleges that from January 2005 until November 2006, UNICCO discriminated and/or retaliated against her due to her gender. *See generally* Complaint ¶¶ 15-60.

Zelaya alleges she filed a complaint of discrimination with the D.C. Office of Human Rights on April 18, 2006, and cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See* Complaint ¶74.

On November 9, 2006, UNICCO assigned Zelaya to a position at another building. *See* Complaint ¶ 63. Zelaya does not allege any harassment or retaliation by UNICCO after the November 9, 2006, transfer.

On April 23, 2007, UNICCO lost its contract on the building to which Zelaya was transferred, s*ee* Complaint ¶ 66, such that UNICCO no longer employed Zelaya as of April 23, 2007. A new company, Cavalier, took over the contract and offered Zelaya a position. *See* Complaint ¶¶ 66, 69. Zelaya alleges that she turned down the offer from Cavalier because it did not suit her schedule. Complaint ¶ 69. She also states that Cavalier should have offered her a different position because she had "more seniority" than the other two other employees at the work site who held daytime positions like her. Complaint ¶ 68. The latter allegation is a reference to the rights she may have enjoyed pursuant to the Collective Bargaining Agreement

applicable to Zelaya as between the Service Employees International Union Local 82 and commercial office building cleaning contractors such as Cavalier and UNICCO.

The D.C. Office of Human Rights administratively closed Zelaya's case on November 14, 2007. *Id.* Zelaya subsequently filed the current complaint on December 21, 2007. *See* Docket at Document No. 1.

## ARGUMENT

I. **Plaintiff Cannot State a Cause of Action for Interference With a Prospective Advantage Under District of Columbia Law**

UNICCO has moved to dismiss Count Five of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state any claim upon which relief can be granted. A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. The Court must accept as true all of the plaintiff's well-pled factual allegations, but does not need to accept as true any of the plaintiff's legal conclusions. *Biton v. Palestinian Interim Self-Government Authority,* 310 F.Supp.2d 172, 177 (D.D.C. 2004). Where plaintiffs' factual allegations "have not nudged their claims from conceivable to plausible, their complaint must be dismissed." *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff fails to state a claim for intentional interference with a prospective advantage. To state a claim for intentional inference with prospective advantage under District of Columbia law, a plaintiff must establish (1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the defendant, (3) intentional interference inducing or causing termination of the relationship or expectancy, and (4) resultant damage. *See Gross v. Davis,* 2003 U.S. Dist. LEXIS 3427, *9 (D.D.C. 2003), *citing Bennett Enterprises v. Domino's Pizza,* 310 U.S. App. D.C. 192, 45 F.3d 493, 499 (D.C. Cir. 1995).

Plaintiff fails to establish the third element of this claim.[2]

Specifically, Plaintiff does not allege that the interference caused termination of the employment relationship or expectancy. *See* Complaint ¶¶ 68-69. Plaintiff states that Cavalier offered her a position, but not the schedule she preferred. *Id.* at ¶ 69. Plaintiff made the decision not to accept the position that Cavalier offered. Further, and as the other side of the coin, Plaintiff never alleges that Cavalier terminated her employment. *Id.* UNICCO therefore could not have "induc[ed] or caus[ed] termination of the relationship or expectancy" because Plaintiff, by her own decision, terminated the employment relationship. *See Gross*, 2003 U.S. Dist. LEXIS at *9.

Even if Plaintiff could show that UNICCO sought to induce termination of the Cavalier employment relationship, her claim still must fail. In *McManus*, the Court held that an employer is free to interfere with its own contract. 748 A.2d at 958. Cavalier is free to hire and fire its employees as it sees fit. If Cavalier decided to terminate Plaintiff's employment, it had every right to do so, and nothing on the face of the Complaint states that Cavalier ended Plaintiff's employment in violation of any protected rights. Under *Twombly*, 127 S.Ct. at 1974, therefore, even if Plaintiff has stated a conceivable claim (which she has not), she has not met her pleading burden to state a plausible claim, nor can she.

The fact remains as plainly asserted in the Complaint that Cavalier did not terminate Plaintiff's employment, she quit. Because Plaintiff fails to allege (1) any factual basis on which

---

[2] As to the first element, Plaintiff does not plainly state the source of her "expectancy" but the Court may infer from her reference (among others) to her "seniority rights" over the other two day staff employees that she had an expectancy based upon a Collective Bargaining Agreement, and that Cavalier had an obligation to retain employees at the site based upon the CBA in order of seniority. In the alternative, Plaintiff has stated no basis for an employment contract or relationship, and her claim must also fail because if she can allege no contractual right then she was at best an at-will employee of Cavalier, or had an expectation of becoming one. As such, Plaintiff would have no business expectancy in her future employment on which to base her claim. *See McManus v. MCI Communications Corp.*, 748 A.2d 949, 957 (D.C. 2000) ("It is clear that, as an at-will employee, appellant did not have a contractual employment relationship she could use as the basis for a suit for tortuous interference with a contractual relationship").

4

to base her claim that UNICCO had any influence over Cavalier, (2) that UNICCO ever communicated with Cavalier a request to terminate, or (3) that Cavalier terminated her employment, the Court should find that she has failed to state a claim. The lack of each is fatal to her cause of action, and the Court should dismiss Count Five of the Complaint for failure to allege facts to support causation. The Court should dismiss with prejudice, because on these facts Plaintiff cannot re-allege a viable claim.

II.    **Plaintiff's D.C. Human Rights Act Claim is Time-Barred**

Defendant UNICCO has also moved pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) to dismiss all claims asserted under the DCHRA because they are time barred. The DCHRA provides that: "A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction *within one year of the unlawful discriminatory act*." [Emphasis added.] *See* District of Columbia Code § 2-1403.16(a); *see also, Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 862 (D.C. 1989) (affirming dismissal of discrimination suit because it was "plainly barred" by the DCHRA's one-year statute of limitations); *Davis v. Potomac Elec. Power Co.*, 449 A.2d 278 (D.C. 1982) (same); *Katradis v. Dav-El of Washington*, D.C., 846 F.2d 1482 (D.C. Cir. 1988) (same).

Plaintiff filed her complaint well after the Act's one-year statute of limitations expired. Therefore, her complaint is time-barred and all claims based on the DCHRA should be dismissed with prejudice, specifically Count Two (Discrimination) in its entirety and Count Three (Retaliation) to the extent it is based upon DCHRA.

   A. **Events Prior to December 21, 2006 are Barred.**

Plaintiff does not allege discriminatory or retaliatory acts by this Defendant within the limitations period. Zelaya filed the instant complaint on December 21, 2007. The one year

statute of limitations bars claims of discrimination or retaliation prior to December 21, 2006. *See* D.C. Code § 2-1403.16(a). Zelaya was transferred to a different building on November 9, 2006, which was 42 days prior to the one year cut-off for the statute of limitations. *See* Complaint ¶ 63. All the acts that Zelaya alleges were in violation of the DCHRA occurred before this transfer. All retaliation or discrimination alleged as a claim under the DCHRA is therefore untimely and her cause of action based upon that statute should be dismissed.

Moreover, Plaintiff's DCHRA claim must be dismissed because Plaintiff already elected a remedy by filing an administrative complaint with the D.C. Office of Human Rights ("DCOHR") and cross-filing with the Equal Employment Opportunity Commission ("EEOC"). "The DCHRA's election of remedies provision states that a person seeking relief must choose between filing a complaint with the OHR and filing a complaint in court." *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 572 (D.C. 2007). The DCOHR dismissed her complaint on administrative grounds on November 14, 2007. *See* Complaint ¶ 74.

Because Plaintiff elected to dismiss her administrative complaint to pursue a court complaint, her DCHRA claim is not subject to the tolling provision found in § 2-1403.16(a).[3] "When the OHR invokes the automatic termination provision of the work-sharing agreement for complaints filed originally with the EEOC, that ruling constitutes a dismissal on the grounds of administrative convenience under the statute, leaving the complainant free to pursue her cause of action in the Superior Court." *Griffin*, 925 A.2d at 574. However, filing an administrative claim and subsequently dismissing that claim, as Zelaya did in this case, will not toll the one-year statute of limitations. "[W]here the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person

---

[3] § 2-1403.16(a) of the DCHRA states "[t]imely filing of a complaint with the Office...shall toll the running of the running of the statute of limitations while the complaint is pending."

6

shall maintain all rights to bring suit as if no complaint had been filed." § 2-1403.16(a). Zelaya withdrew her complaint by requesting a right to file letter from the EEOC. She is therefore in the same position to file a DCHRA complaint "as if no complaint had been filed."

This Court has recently and repeatedly held that where a complainant has filed a complaint with the DCOHR and decides to reverse course and withdraw the administrative complaint to pursue a court complaint, the complainant will not be in any different position than if no complaint had been filed. *See Kamen v. Int'l Bhd. of Elec. Workers*, 505 F.Supp. 2d 66, 75-76 (D.D.C. Aug. 15, 2007). In *Kamen*, this Court dismissed the plaintiff's claims because, even though he had timely filed a complaint with the DCOHR, he withdrew the administrative complaint and filed a court complaint after the one year statute of limitations had expired. *Id.* The Court in *Kamen* relied on *Anderson v. United Safe Deposit Co.*, 552 A.2d 859, 863 (D.C. 1989), which held that filing an administrative complaint with the DCOHR does not toll the DCHRA statute of limitations period of one year to file a court complaint. *See also Weiss v. Int'l Bhd. of Elec. Workers*, 759 F.Supp. 144, 146 (D.D.C. 1990) (following *Anderson*); *Clifton v. Fed. Nat'l Motrgage Ass'n*, No. 97-2302, 1998 WL 419741, at *2 (D.D.C. Jan. 14, 1997) (same). The *Kamen* Court noted that *Anderson* clearly distinguished Title VII, which does toll the statute of limitations during the administrative process, from the DCHRA:

> We perceive no such policy [preferring administrative remedies before court suits] in our local act, as commission of a discriminatory practice immediately vests a person aggrieved thereby with "a cause of action in any court of competent jurisdiction *unless such* person has filed a complaint... [with the OHR]." In short, unlike the federal statute, the Act provides for an *ab initio* election of remedies.
>
> The same subsection discloses that the exercise of choice to go the administrative route does not forever bar a complainant from access to the courts. If complainant decides to reverse course and withdraws the OHR complaint (presumably before the deadline fixed by § 1-2544)[4] a proviso states that the

---

[4] Section 304 of the DCHRA was numbered in the D.C. Code at the time of *Anderson* at § 1-2544. It has subsequently been renumbered in the D.C. Code as § 2-1403.04.

> complainant "shall maintain all rights to bring suit, *as if no complaint had been filed.*" The underscored clause makes it clear, that a grievant who files an administrative complaint and then withdraws it in timely fashion is on no better footing than a grievant who passes up the administrative process and elects to sue. If the latter does not commence suit until fourteen months after the allegedly discriminatory discharge, such suit would obviously be barred by the one year limitations period. Plainly the first grievant is not entitled to different treatment upon also failing to file suit within a year.
>
> We deem the provision to subsection 1-2556(a) as dispositive of the tolling issue and therefore hold that the appellant's failure to begin her action in the Superior Court within one year after the asserted discriminatory act occurred, was a compelling ground for dismissal.

*Kamen*, 505 F.Supp.2d at 76; *citing Anderson*, 552 A.2d at 862-63 (footnotes and internal references to footnotes omitted and emphasis in original).

*Anderson* has been fully accepted by the Federal Courts in the District of Columbia. *See Coleman v. Potomac Electric Power Co.*, No. 04-7043, 2004 U.S. App. LEXIS 21820, at *2 (D.C. Cir. Oct. 19, 2004), *aff'g Coleman v. Potomac Electric Power Co.*, 310 F.Supp.2d 154, 159 (D.D.C. 2004) ("In addition, the district court correctly held appellant's claim under the D.C. Human Rights Act of 1977 time-barred; *see* D.C. Code § 2-1403.16(a) (statute of limitations for DCHRA claims is one year)"). The Court should continue to follow the long line of precedent under *Anderson* and *Kamen* and dismiss Zelaya's DCHRA claims as untimely.

\* \* \*

8

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant UNICCO's motion in its entirety and dismiss with prejudice Plaintiff's claim for intentional interference with a contractual relationship (Count Five) for failure to state a claim recognized under District of Columbia law and Plaintiff's DCHRA claims (Count Two and Count Three) for failure to file within the statute of limitations.

Dated March 5, 2008                                  Respectfully submitted,

                                                     _____/s/_____
                                                     Joseph E. Schuler (DC Bar #296269)
                                                     JACKSON LEWIS LLP
                                                     8614 Westwood Center Drive, Suite 950
                                                     Vienna, VA 22182
                                                     schulerj@jacksonlewis.com
                                                     (703) 821-2189 (telephone)
                                                     (703) 821-2267 (facsimile)

                                                     *Attorneys for Defendant UNICCO Service Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA ZELAYA )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>UNICCO SERVICE COMPANY, *et al.*, )<br>)<br>   Defendants. )<br>_____) | Civil Action No.: 1:07-cv-02311 RCL |

## **ORDER**

This matter arose on Defendant UNICCO Service Company's Motion to Dismiss Counts Two, Three (in part), and Five of the Complaint. Having considered the motion and any opposition thereto, and finding good cause, the Court hereby GRANTS Defendant UNICCO Service Company's motion, as follows:

1. Count Two is dismissed with prejudice with respect to Defendant UNICCO Service Company.

2. Count Three is dismissed with prejudice as to all claims brought under the District of Columbia Human Rights Act.

3. Count Five is dismissed with prejudice.


IT IS SO ORDERED this \_\_\_\_\_ day of _____, 2008.

_____
United Stated District Judge