IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA ZELAYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07-cv-02311 RCL |
| ) | |
| UNICCO SERVICE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANT UNICCO SERVICE COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT UNICCO'S MOTION TO DISMISS COUNTS TWO, THREE AND FIVE OF COMPLAINT**

Defendant UNICCO Service Company ("UNICCO" or "Defendant"), by and through undersigned counsel, hereby files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. For the reasons set forth below and in Defendant's Motion, Plaintiff's Opposition fails to overcome the basic premise set forth in Defendant's Motion to Dismiss: on the face of her Complaint, the Court should dismiss counts Two, Three (in part), and Five of the Complaint because her claims under the District of Columbia Human Rights Act ("DCHRA") were filed outside the limitations period and because she has not, and cannot, plead the necessary elements of a claim for tortious interference with prospective contractual relations.

**A.  Standard of Review**

While the Court does accept well pled facts as true when deciding whether to dismiss a claim, "[t]he court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Browning v. Clinton,* 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002). "Although a complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Where allegations "have not nudged [plaintiff's] claims from conceivable to plausible, [the] complaint must be dismissed." *See id.* at 1974. On the facts recited, Plaintiff has failed to state plausible claims, therefore the Court should dismiss these counts from the complaint.

### B. Plaintiff's Court Complaint Was Not Timely Filed

The Court should dismiss Plaintiff's DCHRA claims because she filed a complaint in court after the one year limitations period had passed. Plaintiff errs in her argument that the DCHRA statute of limitations is tolled during the administrative process, where the complainant files an administrative complaint then decides to reverse course, withdraw the administrative complaint, and file a complaint in court. Controlling precedent and persuasive authority state that in cases such as this, a complainant who files a complaint with the DCOHR and withdraws the complaint shall maintain all rights to bring suit, as if no administrative complaint had been filed and, accordingly, is not entitled to rely upon the tolling provision in Section 2-1403.16(a). *See* D.C. Code § 2-1403.16(a); *Kamen v. Int'l Bhd. of Elec. Workers*, 505 F. Supp 2d 66, 75-76 (D.D.C. 2007).

Plaintiff argues that ambiguity in the statute should persuade the Court to toll the statute of limitations. However, a recent decision of this Court confirms that *Coleman v. Electric Power Co.*, No. 04-7043, 2004 U.S. App. LEXIS 21820 (D.C. Cir. 2004), decided years after the statute was amended,[1] remains controlling precedent on this point and "compels" the conclusion that such claims are untimely and must be dismissed, and resolved any perceived ambiguity in that statute to confirm that a plaintiff who elects to change remedies by withdrawing an

---

[1] As Plaintiff, notes, the statute was amended in 1997.

administrative claim must still meet the one-year statute of limitations as if no administrative complaint had been filed. *Kamen*, 505 F. Supp 2d at 75-76.

In *Kamen*, this Court dismissed the plaintiff's DCHRA claims for exactly the same reasons that Defendant UNICCO now asks the Court to dismiss the DCHRA claims in this case. *See id.* at 76. Plaintiff does not argue that the finding in the *Kamen* court is against established precedent. Plaintiff instead contends that the *Kamen* court, in relying on *Anderson v. United Safe Deposit Co.*, 552 A.2d 859, 863 (D.C. 1989), must not have looked at the amendments to D.C. Code § 2-1403.16(a). Because the *Kamen* case involved a termination of employment on December 8, 2004 and quoted the statute in the decision, any inference must run the other way – that the Court considered the statute in its present form but found no reason to depart from established precedent or the D.C. Court of Appeals, that remained good law ten years after the statute was amended.[2] *Id.* at 69. In applying prior case law and reading the most current version of the D.C. Code, the *Kamen* court followed the applicable precedent and did not allow the plaintiff to toll the statute of limitations when he withdrew the complaint to pursue a court complaint rather than continue within the administrative process. *Id*. at 76, 77. *Kamen* correctly held that the complainant who files a complaint with the DCOHR and withdraws the complaint, "shall maintain all rights to bring suit, *as if no complaint had been filed*." *Id.* at 76 (emphasis in original). Similarly, because Zelaya withdrew her DCOHR complaint and requested a Right to Sue letter from the EEOC to pursue a court complaint after the limitations period expired, she does not benefit from the tolling provision. The Court should follow the established precedent of their Circuit and dismiss the DCHRA claims as untimely.

---

[2] Indeed, the *Kamen* court expressly declined to follow an unreported Superior Court decision that relied upon the statutory amendment to find a complaint timely. *See Kamen* at 69.

Plaintiff further argues that the Court of Appeals and this Court *incorrectly* held that the DCHRA limitations period was not tolled in, respectively, *Coleman* and *Kamen*. Plaintiff offers no support for these bold assertions other than broad principles of statutory construction and a general citation to two inapposite, unreported cases, *Aigret v. Compass Group Northern America, Inc., et al.*, C.A. No. 01-CA-1650 (D.D.C. April 15, 2004), and *Estenos v. PAHO/WHO Federal Credit Union*, 131 Daily Wash. L. Rptr. (D.C. Super. Ct. Mar. 19, 2003). The *Aigret* case involved a plaintiff who never withdrew her DCOHR charge and, accordingly, the court dismissed the complaint for lack of subject matter jurisdiction. *Aigret* at *10. The court dismissed without prejudice to the Plaintiff's right to refile upon dismissal of her administrative claim, but noted that any new filing would be subject to assertion of facts to show the claim was timely. *Id.* The *Estenos* court focused its analysis on the work-sharing agreement between the DCOHR and the EEOC, not the tolling provision in the DCHRA. *Estenos* at 4.

Plaintiff also focuses much of her brief on discussion of election of remedies. *See Pl. Opp. to Mot. to Dismiss* at 10-12. Defendant UNICCO does not dispute that Plaintiff may bring her case either before the DCOHR or in Court. What Defendant UNICCO disputes is Plaintiff's contention that her claim is not subject to the tolling provision in D.C. Code § 2-1403.16(a).

In the end, none of Plaintiff's arguments trumps precedent. The Court should follow *Kamen* to find that the controlling precedent of *Coleman* and *Anderson* compel the conclusion that these claims are untimely and must be dismissed. *Id.* at 76-77.

**C. Plaintiff Cannot Salvage her Claim for Intentional Interference with Prospective Contractual Relationships Based on So-called "Constructive Discharge" or At-Will Employment.**

Plaintiff offers no facts to support her novel theory of "constructive discharge" from a contractual expectancy. On the face of her Complaint, the Cavalier company offered her a job,

and she turned it down.  She does not allege that Cavalier knew its offer would not or could not be accepted, nor state any facts to permit such an inference.  Accordingly, "constructive discharge" does not permit her to establish the factual basis for the first element of her claim for interference with a prospective contractual relationship.

Plaintiff also asserts at-will employment and cites the Supreme Court case *Haddle v. Garrison*, 525 U.S. 121, 126 (1998), for the proposition that at-will employment can serve as the contractual expectancy for her intentional interference claim.  This misstates the holding.  *Haddle* stands for the proposition that a plaintiff may base an action under 41 U.S.C. § 1985 on a claim of tortious interference with at-will employment arising in the State of Georgia.  It does not stand for the proposition that a federal common law claim for interference exists, nor that federal law trumps state common law.  *See id*. at 126-127.  In fact, the Supreme Court expressly states that "[t]his protection against third-party interference with at-will employment relations is still afforded by state law today." *Id*.

Plaintiff likewise attempts to undermine the D.C. Court of Appeals decision in *McManus v. MCI Communications Corp*., 748 A.2d 949, 957 (D.C. 2000), for not applying the ruling in *Haddle*.  Her challenge to *McManus* is hollow because, as discussed, the *Haddle* decision spoke to federal statutory rights and interpreted Georgia state law, not District of Columbia law.  This Court has specifically rejected the attempt to extend *Haddle* to a claim of tortious interference.  *See Sheppard v. Dickstein, Shapiro, Morin & Oshinsky*, 59 F.Supp. 2d 27, 34 n. 3 (D.D.C. 1999).  Regardless District of Columbia courts are under no obligation to apply another state's view of common law, even if the Supreme Court has ruled on that other state's law.  As such, this Court should follow District of Columbia precedent and dismiss Count Five of the complaint for failure to state a claim because District of Columbia law does not recognize a cause of action for

Intentional Interference with Prospective Contractual relations where the expectancy is based on at-will employment. *See McManus*, 748 A.2d at 957.

Plaintiff is also unquestionably <u>wrong</u> in her speculation that the *McManus* court failed to consider *Sorrells v. Garfinckel's, Brooks Brothers, Miller & Rhoads, Inc.*, 565 A.2d 285, 290 (D.C. 1989). Indeed, the *McManus* court cites to *Sorrells* for the proposition that an employer has a qualified privilege to interfere with its own contract. *See McManus* 748 A.2d at 958 (*citing Sorrells*, 565 A.2d at 290). *McManus* clearly examined the *Sorrells* decision and concluded that the settled law in the District of Columbia is that at-will employment cannot serve as a basis for contractual expectancy. *Id.*

Plaintiff concedes that *McManus* states that "at-will employees cannot state tortious interference claims." *See Plaintiff's Opposition to Motion to Dismiss* at 15. Plaintiff cites no other binding precedent more recent than *McManus* which could alter this Court's view of the applicable law.

Finally, even if Plaintiff has met the first element of her claim for tortious interference, her claim must still be dismissed for failure to allege a factual basis to establish all elements of the tort. A plaintiff must establish (1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the defendant, (3) intentional interference inducing or causing termination of the relationship or expectancy, and (4) resultant damage. *See Gross v. Davis*, 2003 U.S. Dist. LEXIS 3427, *9 (D.D.C. 2003), *citing Bennett Enterprises v. Domino's Pizza*, 310 U.S. App. D.C. 192, 45 F.3d 493, 499 (D.C. Cir. 1995).

Plaintiff fails to establish the third element of this claim. Plaintiff must show that the interference with the relationship or expectancy was improper and with malice. *See Sorrells*, 565

A.2d at 290. As the wrongful, malicious act, Plaintiff offers nothing but a conclusory assertion that someone defamed her to Cavalier. She has not pled any facts to support this allegation which could raise her speculation that she was defamed from "conceivable" to "plausible." Although Plaintiff asserts this conclusion on "information" and belief, she offers no information – no fact – to support her speculative belief. In particular, she does not state any fact to permit the court to infer (i) who made a statement; (ii) to whom it was made; (iii) when it was made; or – most importantly – (iv) what "false and defamatory" statement was made. *See Sheppard,* 59 F. Supp. 2d at 21-22 (tortious interference claim based on libel and slander dismissed where complaint silent as to statements that disparaged plaintiff).

Speculation this tenuous cannot suffice to maintain a claim. Where Plaintiff's factual allegations "have not nudged their claims from conceivable to plausible, their complaint must be dismissed." *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). The Court should therefore dismiss Count Five for failure to state a claim based on plausible factual allegations.

* * *

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant UNICCO's motion in its entirety and dismiss with prejudice Plaintiff's claim for intentional interference with a contractual relationship (Count Five) for failure to state a claim recognized under District of Columbia law and Plaintiff's DCHRA claims (Count Two and Count Three) for failure to file within the statute of limitations.

Dated: March 31, 2008                                   Respectfully submitted,

                                                        _____/s/_____
                                                        Joseph E. Schuler (DC Bar #296269)
                                                        JACKSON LEWIS LLP
                                                        8614 Westwood Center Drive, Suite 950
                                                        Vienna, VA 22182
                                                        schulerj@jacksonlewis.com
                                                        (703) 821-2189 (telephone)
                                                        (703) 821-2267 (facsimile)

                                                        *Attorneys for Defendant UNICCO Service Company*