IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA ZELAYA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07-cv-02311 RCL |
| ) | |
| UNICCO SERVICE COMPANY, ) | |
| CARLOS ALARCON, ) | |
| CARLOS FERNANDES., ) | |
| 1605 Treetop View Terrace ) | |
| Silver Spring, MD 20904 ) | |
| and ) | |
| OSCAR ARGUETA ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DEFENDANTS OSCAR ARGUETA'S AND
## CARLOS FERNANDES'S MOTION TO DISMISS COMPLAINT

Defendants Oscar Argueta and Carlos Fernandes, by and through undersigned counsel, hereby respectfully move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and § 2-1403.16 of the District of Columbia Code, to dismiss Plaintiff Blanca Zelaya's Complaint with prejudice in its entirety. For the reasons set forth in the accompanying Memorandum of Points and Authorities, Plaintiff fails to state a claim upon which relief can be granted for her D.C. Human Rights Act claims against these individual defendants, which are stated in Counts Two and Four the Complaint, and such claims are barred by the statute of limitations. Further, Plaintiff asserts no claim against these individual Defendants in Counts One, Three and Five of her Complaint.

WHEREFORE, Defendants Argueta and Fernandes respectfully requests that Plaintiff's Complaint against them be dismissed in its entirety with prejudice.

Dated May 12, 2008                                     Respectfully submitted,


                                                       ____/s/_____
                                                       Joseph E. Schuler (DC Bar #296269)
                                                       JACKSON LEWIS LLP
                                                       8614 Westwood Center Drive, Suite 950
                                                       Vienna, VA 22182
                                                       (703) 821-2189 (telephone)
                                                       (703) 821-2267 (facsimile)

                                                       *Attorneys for Defendants UNICCO Service Company, Oscar Argueta, and Carlos Fernandes*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA ZELAYA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNICCO SERVICE COMPANY, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 1:07-cv-02311 RCL |

**MEMORANDUM OF POINTS AND AUTHORITIES OF
DEFENDANTS OSCAR ARGUETA AND CARLOS FERNANDES
<u>IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT</u>**

**INTRODUCTION**

Plaintiff Blanca Zelaya ("Zelaya"), filed a Complaint on December 21, 2007, naming in her caption, as Defendants, UNICCO Service Company ("UNICCO"), Carlos Alarcon, Oscar Argueta, and Carlos Fernandez.[1]  The Complaint seeks damages against Defendant UNICCO for gender discrimination and retaliation under Title VII and the District of Columbia Human Rights Act ("DCHRA") allegedly suffered by Zelaya in connection with her employment by UNICCO. *See* Complaint ¶ 1 and Counts One, Two, and Three.  The Complaint also seeks damages for UNICCO's alleged intentional interference with prospective contractual relations.  *See* Complaint ¶ 1 and Count Five.  The Complaint seeks damages against the three individual defendants,[2] each of whom is alleged to have supervised Zelaya for some part of the time she was employed by UNICCO, pursuant to the DCHRA for gender discrimination (Count Two) and aiding and abetting UNICCO's retaliation (Count Four).

---

[1] Defendants note that Plaintiff's Complaint incorrectly spells Defendant Carlos Fernandes's surname as "Fernandez."
[2] It is Defendants' understanding that service has not been perfected as to individual defendant Carlos Alarcon.

The Court should dismiss Zelaya's Complaint in its entirety as against Defendants Argueta and Fernandes. Her claims based upon the DCHRA are untimely because they were not filed within one year of the date the claims arose, and the remainder of the Complaint does not purport to state any other claim against these Defendants.[3]

### SUMMARY OF FACTS MATERIAL TO MOTION

Plaintiff alleges that she was subjected to discrimination and retaliation during her employment at UNICCO, as follows. Plaintiff alleges that UNICCO provides cleaning services to buildings in the District of Columbia and that she began working for UNICCO as a custodian providing cleaning services to a building known as 1200 K Street on December 20, 2004. *See* Complaint ¶¶ 5, 10. Plaintiff alleges that from January 2005 until November 2006, UNICCO discriminated and/or retaliated against her due to her gender. *See generally* Complaint ¶¶ 15-60.

With respect to the actions of individual Defendants, Zelaya alleges that Alarcon is the person at UNICCO who propositioned her, and harassed her when she refused. *See generally* Complaint ¶¶ 15-60. Zelaya further alleges that Alarcon enlisted the support of the other individuals. Specifically, he first involved Argueta to "monitor" Zelaya, and to seek a reason to fire her in "spring 2005," activities that ended soon thereafter when Argueta was reassigned. *See* Complaint ¶¶ 21-23. These are the last, and only, acts attributed to Argueta by the Complaint.

Thereafter, Alarcon allegedly enlisted Fernandes to monitor Zelaya, beginning at some point after August 2005, and he is alleged to have participated in harassment by: giving her disciplinary notices; eliminating her break; and trying to drive her to a meeting with a human resources officer about her complaints of harassment, all during the period from March – May, 2006. *See* Complaint ¶¶ 34, 35, 45, 56.

---

[3] On March 5, 2008, Defendant UNICCO filed a motion to dismiss all claims against it except those arising under Title VII. [Doc. 4] That motion is pending.

2

Zelaya alleges she filed a complaint of discrimination with the D.C. Office of Human Rights on April 18, 2006 [against UNICCO as "Respondent"], and cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See* Complaint ¶ 74. Defendant Fernandes is alleged to have helped UNICCO retaliate by denying Zelaya time off to attend a mediation of her claims by DCOHR in July 2006. *See* Complaint ¶ 58.

On November 9, 2006, UNICCO assigned Zelaya to a position at another building. Complaint ¶ 63. Zelaya alleges that Fernandes was one of the company employees who met with her to inform her of the transfer. *Id*. This is the last act attributed to Fernandes by the Complaint.

On April 23, 2007, UNICCO lost its contract on the building to which Zelaya was transferred, s*ee* Complaint ¶ 66, such that UNICCO no longer employed Zelaya as of April 23, 2007. A new company, Cavalier, took over responsibility for cleaning the building and offered Zelaya a position.[4] *See* Complaint ¶¶ 66, 69. Zelaya alleges that she turned down Cavalier's offer because it did not suit her schedule. Complaint ¶ 69. She also states that Cavalier should have offered her a different position because she had "more seniority" than the two other employees at the work site who held daytime positions like her. Complaint ¶ 68. The latter allegation is a reference to the rights she may have enjoyed pursuant to the Collective Bargaining Agreement applicable to Zelaya as between the Service Employees International Union Local 82 and commercial office building cleaning contractors such as Cavalier and UNICCO.

The D.C. Office of Human Rights administratively closed Zelaya's case on November 14, 2007. *Id*. Zelaya subsequently filed the current Complaint on December 21, 2007. *See*

---

[4] Zelaya alleges that by the time Cavalier took over responsibility for cleaning the building at 2550 M Street, Argueta was employed by Cavalier and that he was the "on site manager" for the building. *See* Complaint ¶ 67. However, she does not allege that he took any actions against her in this capacity, and in particular does not allege that he was a decision maker with respect to what job she was offered by Cavalier. *See* Complaint ¶¶ 68-69.

Docket at Document No. 1.

## ARGUMENT

### I. Standard of Review

Defendants Argueta and Fernandes have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state any claim upon which relief can be granted against them. A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. While the Court does accept well pled facts as true when deciding whether to dismiss a claim, "[t]he court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Browning v. Clinton,* 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002). "Although a complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Where allegations "have not nudged [plaintiff's] claims from conceivable to plausible, [the] complaint must be dismissed." *See id.* at 1974. On the facts recited, Plaintiff has failed to state plausible claims, therefore the Court should dismiss the Complaint in its entirety as to these Defendants. The Court must accept as true all of the Plaintiff's well-pled factual allegations, but does not need to accept as true any of the Plaintiff's legal conclusions.

### II. Plaintiff's D.C. Human Rights Act Claims are Time-Barred

The Court should dismiss all claims asserted under the DCHRA because they are time barred. The DCHRA provides that: "A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction *within one year of the unlawful discriminatory act*."

4

[Emphasis added.]  *See* District of Columbia Code § 2-1403.16(a); *see also*, *Coleman v. Potomac Electric Power Co.*, No. 04-7043, 2004 U.S. App. LEXIS 21820, at *2 (D.C. Cir. Oct. 19, 2004), *aff'g Coleman v. Potomac Electric Power Co.*, 310 F.Supp.2d 154, 159 (D.D.C. 2004) ("In addition, the district court correctly held appellant's claim under the D.C. Human Rights Act of 1977 time-barred; *see* D.C. Code § 2-1403.16(a) (statute of limitations for DCHRA claims is one year)"); *Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 862 (D.C. 1989) (affirming dismissal of discrimination suit because it was "plainly barred" by the DCHRA's one-year statute of limitations); *Davis v. Potomac Elec. Power Co.*, 449 A.2d 278 (D.C. 1982) (same); *Katradis v. Dav-El of Washington*, D.C., 846 F.2d 1482 (D.C. Cir. 1988) (same).

Plaintiff filed her Complaint well after the Act's one-year statute of limitations expired. Therefore, her Complaint is time-barred and all claims based on the DCHRA should be dismissed with prejudice, specifically Count Two (Discrimination) and Count Four (Aiding and Abetting).

### A.  Events Prior to December 21, 2006 are Barred.

Plaintiff does not allege discriminatory or retaliatory acts by these Defendants within the limitations period. Zelaya filed the instant Complaint on December 21, 2007. The one year statute of limitations bars claims of discrimination or retaliation prior to December 21, 2006. *See* D.C. Code § 2-1403.16(a). Zelaya was transferred to a different building on November 9, 2006, which was 42 days prior to the one year cut-off for the statute of limitations. *See* Complaint ¶ 63. As recited above, all acts that Zelaya alleges were committed by these Defendants in violation of the DCHRA occurred at or before this transfer. All discrimination alleged as a claim in Count Two is therefore untimely, and any "aiding and abetting" of UNICCO's discrimination

or retaliation alleged as a claim in Count Four is also untimely, and her causes of action based upon the DCHRA should be dismissed.

Plaintiff elected a remedy by filing an administrative complaint against UNICCO (but not these defendants) with the D.C. Office of Human Rights ("DCOHR") and cross-filing with the Equal Employment Opportunity Commission ("EEOC").  "The DCHRA's election of remedies provision states that a person seeking relief must choose between filing a complaint with the OHR and filing a complaint in court."  *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 572 (D.C. 2007).  The DCOHR dismissed her complaint on administrative grounds on November 14, 2007.  *See* Complaint ¶ 74.

### B. The Tolling Provision of Section 2-1403.16(a) Does not Apply

Because Plaintiff elected to dismiss her administrative complaint to pursue a court complaint, her DCHRA claim is not subject to the tolling provision found in § 2-1403.16(a).[5] "When the OHR invokes the automatic termination provision of the work-sharing agreement for complaints filed originally with the EEOC, that ruling constitutes a dismissal on the grounds of administrative convenience under the statute, leaving the complainant free to pursue her cause of action in the Superior Court."  *Griffin*, 925 A.2d at 574.  However, filing an administrative claim and subsequently dismissing that claim, as Zelaya did in this case, will not toll the one-year statute of limitations.  "[W]here the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed."  § 2-1403.16(a).  Zelaya withdrew her complaint by requesting a right to file letter from the EEOC.  She is therefore in the same position to file a DCHRA complaint "as if no complaint had been filed."

---

[5] Section 2-1403.16(a) of the DCHRA states "[t]imely filing of a complaint with the Office…shall toll the running of the running of the statute of limitations while the complaint is pending."

6

This Court has recently and repeatedly held that where a complainant has filed a complaint with the DCOHR and decides to reverse course and withdraw the administrative complaint to pursue a court complaint, the complainant will not be in any different position than if no complaint had been filed. *See Kamen v. Int'l Bhd. of Elec. Workers*, 505 F.Supp. 2d 66, 75-76 (D.D.C. 2007). In *Kamen*, this Court dismissed the plaintiff's claims because, even though he had timely filed a complaint with the DCOHR, he withdrew the administrative complaint and filed a court complaint after the one year statute of limitations had expired. *Id*. The Court in *Kamen* relied on *Anderson v. United Safe Deposit Co.*, 552 A.2d 859, 863 (D.C. 1989), which held that filing an administrative complaint with the DCOHR does not toll the DCHRA statute of limitations period of one year to file a court complaint. *See also Weiss v. Int'l Bhd. of Elec. Workers*, 759 F.Supp. 144, 146 (D.D.C. 1990) (following *Anderson*); *Clifton v. Fed. Nat'l Mortgage Ass'n*, No. 97-2302, 1998 WL 419741, at *2 (D.D.C. Jan. 14, 1997) (same). The *Kamen* Court noted that *Anderson* clearly distinguished Title VII, which does toll the statute of limitations during the administrative process, from the DCHRA:

> We perceive no such policy [preferring administrative remedies before court suits] in our local act, as commission of a discriminatory practice immediately vests a person aggrieved thereby with "a cause of action in any court of competent jurisdiction *unless such* person has filed a complaint… [with the OHR]." In short, unlike the federal statute, the Act provides for an *ab initio* election of remedies.
>
> The same subsection discloses that the exercise of choice to go the administrative route does not forever bar a complainant from access to the courts. If complainant decides to reverse course and withdraws the OHR complaint (presumably before the deadline fixed by § 1-2544)[6] a proviso states that the complainant "shall maintain all rights to bring suit, *as if no complaint had been filed.*" The underscored clause makes it clear, that a grievant who files an administrative complaint and then withdraws it in timely fashion is on no better footing than a grievant who passes up the administrative process and elects to sue. If the latter does not commence suit until fourteen months after the allegedly discriminatory discharge, such suit would obviously be barred by the one year

---

[6] Section 304 of the DCHRA was numbered in the D.C. Code at the time of *Anderson* at § 1-2544. It has subsequently been renumbered in the D.C. Code as § 2-1403.04.

7

>limitations period. Plainly the first grievant is not entitled to different treatment upon also failing to file suit within a year.
>
>We deem the provision to subsection 1-2556(a) as dispositive of the tolling issue and therefore hold that the appellant's failure to begin her action in the Superior Court within one year after the asserted discriminatory act occurred, was a compelling ground for dismissal.

*Kamen*, 505 F.Supp.2d at 76; *citing Anderson*, 552 A.2d at 862-63 (footnotes and internal references to footnotes omitted and emphasis in original).

In opposing a similar motion by UNICCO, Plaintiff argued that *Anderson* should be distinguished, was wrongly decided or is no longer good law because of an amendment to the tolling provision in 1997. [Doc. 6 at 9] Defendants note that *Coleman* was decided in 2004, well after the amendment, and further that no reported decision supports Plaintiff's position. Indeed, the *Kamen* court expressly declined to follow an unreported Superior Court decision that relied upon the statutory amendment to find a complaint timely. *See Kamen* at 69.

*Anderson* has been fully accepted by the Federal Courts in the District of Columbia. *See, e.g., Coleman; Kamen; Clifton*. The Court should continue to follow the long line of precedent under *Anderson* and *Coleman* and dismiss Zelaya's DCHRA claims as untimely.

However, even if the Court were to find that tolling applies, it would not apply to these claims. While Zelaya filed a complaint with the DCOHR against UNICCO in April 2006, *see* Complaint ¶¶ 50, 74, she did not name these two defendants as co-respondents.

### III.    Plaintiff States no Other Claim Against These Defendants

The remaining counts of Plaintiff's Complaint state causes of action only against Defendant UNICCO for violations of Title VII and tortious interference with contract or expectancy. *See* Complaint ¶¶ 78-81 (Count One); ¶¶ 93-97 (Count Three); ¶¶ 103-108 (Count Five). The allegations in these counts, accordingly, cannot state a claim as to these Defendants.

Further, no action will lie against individual defendants for alleged violations of Title VII. *See, e.g., Gary v. Long,* 59 F.3d 1391, 1399 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1011, 116 S.Ct. 569, 133 L.E.d.2d 493 (1995); *Richard v. Bell Atlantic Corp.,* 946 F. Supp. 54, 74 (D.D.C. 1996).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant Oscar Argueta's and Defendant Carlos Fernandes's motion in its entirety and dismiss with prejudice Plaintiff's Complaint as to each of them.

Dated May 12, 2008                                      Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　Joseph E. Schuler (DC Bar #296269)
　　　　　　　　　　　　　　　　　　　　　　　　JACKSON LEWIS LLP
　　　　　　　　　　　　　　　　　　　　　　　　8614 Westwood Center Drive, Suite 950
　　　　　　　　　　　　　　　　　　　　　　　　Vienna, VA 22182
　　　　　　　　　　　　　　　　　　　　　　　　schulerj@jacksonlewis.com
　　　　　　　　　　　　　　　　　　　　　　　　(703) 821-2189 (telephone)
　　　　　　　　　　　　　　　　　　　　　　　　(703) 821-2267 (facsimile)

*Attorneys for Defendanst UNICCO Service Company, Oscar Argueta, and Carlos Fernandes*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA ZELAYA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNICCO SERVICE COMPANY, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 1:07-cv-02311 RCL |

## ORDER OF DISMISSAL AS TO DEFENDANTS ARGUETA AND FERNANDES

This matter arose on Defendants Oscar Argueta's and Carlos Fernandes's Motion to Dismiss the Complaint against them in its entirety. Having considered the motion and any opposition thereto, and finding good cause, the Court hereby GRANTS Defendants motion, as follows:

1. Plaintiff's Complaint is dismissed with prejudice with respect to Defendant Oscar Argueta.

2. Plaintiff's Complaint is dismissed with prejudice with respect to Defendant Carlos Fernandes.[1]

IT IS SO ORDERED this _____ day of _____, 2008.

_____
United Stated District Judge

---

[1] The court here notes that Plaintiff's Complaint incorrectly spells Defendant Carlos Fernandes's surname as "Fernandez."