IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA ZELAYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07-cv-02311 RCL |
| ) | |
| UNICCO SERVICE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS CARLOS FERNDANDES AND OSCAR ARGUETA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants Carlos Fernandes and Oscar Argueta ("Defendants"), by and through undersigned counsel, hereby file this Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss [Doc. 13] ("Plaintiff's Opposition"). For the reasons set forth below and in Defendants' Motion to Dismiss, Plaintiff's Opposition fails to overcome the basic premise set forth in Defendants' Motion: the Court should dismiss the Complaint as to these Defendants in its entirety because, on the face of the Complaint, her claims under the District of Columbia Human Rights Act ("DCHRA") were filed outside the limitations period and because she has not, and cannot, plead any other cause of action against these Defendants.

**A. Standard of Review**

While the Court does accept well pled facts as true when deciding whether to dismiss a claim, "[t]he court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Browning v. Clinton,* 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002). "Although a complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Where allegations "have not nudged [plaintiff's] claims from conceivable to plausible, [the] complaint must be dismissed." *See id.* at 1974. On the facts recited, Plaintiff has failed to state plausible claims that are timely, therefore the Court should dismiss the Complaint.

**B. Plaintiff's Court Complaint Was Not Timely Filed**

The Court should dismiss Plaintiff's DCHRA claims because she filed a Complaint in court after the one year limitations period had passed. Plaintiff errs in her argument that the DCHRA statute of limitations is tolled during the administrative process, where the complainant files an administrative complaint then decides to reverse course, withdraw the administrative complaint, and file a complaint in court. Controlling precedent and persuasive authority state that in cases such as this, a complainant who files a complaint with the DCOHR and withdraws the complaint shall maintain all rights to bring suit, as if no administrative complaint had been filed and, accordingly, is not entitled to rely upon the tolling provision in Section 2-1403.16(a). *See* D.C. Code § 2-1403.16(a); *Kamen v. Int'l Bhd. of Elec. Workers*, 505 F. Supp. 2d 66, 75-76 (D.D.C. 2007).

Plaintiff argues that ambiguity in the statute should persuade the Court to toll the statute of limitations. However, a recent decision of this Court confirms that *Coleman v. Electric Power Co.*, No. 04-7043, 2004 U.S. App. LEXIS 21820 (D.C. Cir. 2004), decided years after the statute was amended,[1] remains controlling precedent on this point and "compels" the conclusion that such claims are untimely and must be dismissed, and resolved any perceived ambiguity in that statute to confirm that a plaintiff who elects to change remedies by withdrawing an

---

[1] As Plaintiff, notes, the statute was amended in 1997.

administrative claim must still meet the one-year statute of limitations as if no administrative complaint had been filed. *Kamen*, 505 F. Supp. 2d at 75-76.

In *Kamen*, this Court dismissed the plaintiff's DCHRA claims for exactly the same reasons that Defendants now asks the Court to dismiss the DCHRA claims in this case. *See id.* at 76. Plaintiff does not argue that the finding in the *Kamen* court is against established precedent. Plaintiff instead contends that the *Kamen* court, in relying on *Anderson v. United Safe Deposit Co.*, 552 A.2d 859, 863 (D.C. 1989) as precedent with ongoing vitality, must not have looked at the amendments to D.C. Code § 2-1403.16(a). Because the *Kamen* case quoted the statute in the decision, was decided last year, and involved a termination of employment that occurred on December 8, 2004, any inference must run the other way – that the Court considered the statute in its present form but found no reason to depart from established precedent of the D.C. Court of Appeals, that remained good law ten years after the statute was amended.[2] *Id.* at 69. In applying prior case law and reading the most current version of the D.C. Code, the *Kamen* court followed the applicable precedent and did not allow the plaintiff to toll the statute of limitations when he withdrew the complaint to pursue a court complaint rather than continue within the administrative process. *Id.* at 76, 77. *Kamen* correctly held that the complainant who files a complaint with the DCOHR and withdraws the complaint, "shall maintain all rights to bring suit, *as if no complaint had been filed.*" *Id.* at 76 (emphasis in original). Similarly, because Zelaya withdrew her DCOHR complaint, requested a Right to Sue letter from the EEOC, and opted to pursue a court complaint after the limitations period expired, she does not benefit from the tolling provision. The Court should follow the established precedent of this Circuit and dismiss

---

[2] Indeed, the *Kamen* court expressly declined to follow an unreported Superior Court decision that relied upon the statutory amendment to find a complaint timely. *See Kamen* at 75. The case is *Vitikacs v. The American Legion*, also cited by Plaintiff in her Opposition. As the *Kamen* court noted, *Vitikacs* failed to cite or distinguish *Anderson*, and, in any event, could not overrule a decision of the D.C. Court of Appeals. *Id.* at 75-76.

the DCHRA claims as untimely.

Plaintiff further argues that the Court of Appeals and this Court *incorrectly* held that the DCHRA limitations period was not tolled in, respectively, *Coleman* and *Kamen*. Aside from *Vitikacs* (a decision that is unreported, never discussed *Anderson* and was expressly rejected by *Kamen*), Plaintiff offers no support for these bold assertions other than broad principles of statutory construction and a general citation to two inapposite, unreported cases, *Aigret v. Compass Group Northern America, Inc., et al.*, C.A. No. 01-CA-1650 (D.D.C. April 15, 2004), and *Estenos v. PAHO/WHO Federal Credit Union*, 131 Daily Wash. L. Rptr. (D.C. Super. Ct. Mar. 19, 2003).[3] The *Aigret* case involved a plaintiff who never withdrew her DCOHR charge and, accordingly, the court dismissed the complaint for lack of subject matter jurisdiction. *Aigret* at *10. The court dismissed without prejudice to the Plaintiff's right to refile upon dismissal of her administrative claim, but noted that any new filing would be subject to assertion of facts to show the claim was timely. *Id.* The *Estenos* court focused its analysis on the work-sharing agreement between the DCOHR and the EEOC, not the tolling provision in the DCHRA. *Estenos* at 4.

In the end, none of Plaintiff's arguments trumps precedent. The Court should follow *Kamen* to find that the controlling precedent of *Coleman* and *Anderson* compel the conclusion that these claims are untimely and must be dismissed. *Id.* at 76-77.

### C. Dismissal of These Defendants Does not Deprive Plaintiff of Recourse.

Much of Plaintiff's Opposition, in particular the entire "Factual Background" section, is

---

[3] To be sure, at this section of Plaintiff's Opposition (at 10 and 11) she lists two other Superior Court cases by name (*Kensil v. Union Labor Life* and *Adams v. Howard University*). Whatever written decision may have been issued in either case, if any, is unreported, and Plaintiff does not include a copy as an exhibit to her complaint, as she did with the other unreported decisions she lists. Accordingly, Defendants cannot address these two cases or otherwise respond, and the Court should not consider them in deciding the Motion even for any weight they might arguably provide as unreported decisions from a different bench.

cast as an emotional appeal based upon her repeated assertions of "egregious" sexual harassment over a period of approximately sixteen months.[4] The nature of the allegations notwithstanding,[5] if the Court grants this Motion to Dismiss by the individual Defendants, Plaintiff will still have her day in court to try to substantiate her charges as to the principal defendant, UNICCO.

### D. Plaintiff Failed to Name These Defendants in her DCOHR Complaint.

Plaintiff offers no citation to authority in support of her argument that she is entitled to the benefits of tolling even thought she failed to name these Defendants as "Respondents" in her DCOHR complaint. *See* Plaintiff's Opposition at 6. Instead, she asks the court to conclude that these Defendants are "respondents" because she identified them by name in the declaration that she provided to the DCOHR when she submitted her Complaint Form.

Notably, Plaintiff appended her Complaint Form and her declaration to her Opposition brief, but chose not to include the actual DCOHR Charge of Discrimination that was filed and served. A copy is appended to this Reply as Exhibit 1.[6] It is signed and sworn by Plaintiff, as is

---

[4] This period ended at the lastest when a new supervisor (named in the Complaint as Ms. Castellani, e.g.. ¶ 57) took over Plaintiff's original work site some months before she was transferred in November 2006. From that point (or sooner), and through the date that her employment with UNICCO ended with her employment by Cavalier, she alleges no sexually-based comments or actions by Mr. Alarcon, nor could she credibly make such allegations because she did not work with him any longer. Indeed, Plaintiff does not allege that Alaracon had *any* direct interaction with her after she complained about him to UNICCO in or about April 2006. (*See* Complaint at ¶¶ 44-46 (last interaction), *et seq.*)

[5] These Defendants and Defendant UNICCO deny the allegations but recognize that this stage of the proceeding is not for contesting facts. Nevertheless, while the Court must accept well-pleaded factual allegations as true for purposes of this Motion, as discussed above it does not have to accept conclusory inferences or innuendo not grounded in the facts. In this regard, Defendants note that the Complaint also makes clear that notwithstanding the alleged "egregious" harassment, she returned to work at UNICCO following her maternity leave, never complained about harassment within the company until after she received a disciplinary notice some seven months later, never sought intervention from her union, and never resigned her position with UNICCO. By contrast, she later quit Cavalier – where she was not being "harassed" – after Cavalier merely offered her a schedule she did not like.

[6] The Court may properly take notice of the Charge of Discrimination without converting Defendants' Motion into a motion under Rule 56, both because the Charge is specifically referenced in the Complaint and because it is a public record. *See, e.g., Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (contract essential to claims for relief could be considered even though not attached to complaint); *Faibisch v. University of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002) (court could consider EEOC charge in deciding motion for judgment on pleadings, as court may rely on matters of public record); *Rosenbaum v. TravelByUs.com Ltd.*, 299 F.3d 657, 661-662 (7th Cir. 2002) (court properly relied on employment agreement that formed integral component of claim without conversion of

customary. The document confirms that only Defendant UNICCO was identified by Plaintiff as a Respondent to her charges and, importantly, that only Defendant UNICCO was placed on notice and offered the statutory opportunity to mediate by service of the charge on it as an identified Respondent.[7]

## CONCLUSION

For the foregoing reasons and those stated in Defendants' opening memorandum, the Court should grant Defendants Fernandes and Argueta's Motion in its entirety and dismiss with prejudice Plaintiff's Complaint against them in its entirety.

Dated: June 6, 2008                                Respectfully submitted,

                                                   _____/s/_____
                                                   Joseph E. Schuler (DC Bar #296269)
                                                   JACKSON LEWIS LLP
                                                   8614 Westwood Center Drive, Suite 950
                                                   Vienna, VA 22182
                                                   schulerj@jacksonlewis.com
                                                   (703) 821-2189 (telephone)
                                                   (703) 821-2267 (facsimile)

                                                   *Attorneys for Defendants Carlos Fernandes, Oscar Argueta and UNICCO Service Company*

---

motion); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999) (insurance contract referred to in complaint and attached to motion to dismiss properly considered without conversion of motion).

[7] Defendants further note that the Complaint Form appended to Plaintiff's Opposition includes a section specifically intended to identify the Respondent (see page 2, item 2). Only UNICCO is listed. Further, the accompanying declaration does not list a single act of discrimination or sexual harassment by these Defendants – it states at best that each was "enlisted" by Carlos Alarcon to "monitor" her. Notably, while "monitoring" is mentioned in passing in the declaration, it does not appear in any fashion in the actual Charge that was filed and served. *See* Exhibit 1. Plaintiff offers no logical reason or legal basis to explain how Messrs. Fernandes and Argueta (or DCOHR, or any other participant in the process) would have known from this passing reference in what is at best a collateral document that she intended them to be "respondents" at the time she made her formal DCOHR complaint.

# EXHIBIT 1

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Office of Human Rights



Judiciary Square Office
441 4th Street, NW, Suite 570N
Washington, DC 20001
Phone: (202) 727-4559  Fax: (202) 727-9589

Penn Branch Office
3220 Pennsylvania Avenue, SE, 1st Fl
Washington, DC 20020
Phone: (202) 727-4559  Fax: (202) 645-6390

April 28, 2006

*Certified Mail*

UNICCO
Attn: Steven Kletjian
275 Grove Street
Newton, MA 02466

Reference:   *Blanca E. Zelaya vs. UNICCO*
             Docket No.: 06-248-P (CN)
             EEOC No.: 10C-2006-02657

Dear Mr Kletjian:

The above-captioned charge has been assigned to me for investigation. Throughout this phase of the process my role will be that of a neutral, independent fact finder and not an advocate for either party. Please direct all correspondence, questions and/or concerns regarding this matter to me.

In response to the allegations listed in the complaint (enclosed), it is requested that you submit your **notarized position statement**. The position statement should include:

- the correct name and address of the facility named in the charge, along with a description of the services provided;
- a detailed response to each particular of the complaint with any written documentation to support your position;
- copies of all written rules, policies, and procedures relating to the issues raised in the charge.

All affidavits submitted must be **SIGNED, SWORN and NOTARIZED**.

Along with a copy of the complaint, the Office of Human Rights (OHR) is sending you a request for information, which may include interrogatories, requests for documents, notice of witness interviews, and notice of a site visit.

*Blanca E. Zelaya vs. UNICCO*
Docket No : 06-248-P (CN)
Page –2-

You are required to respond in writing to any interrogatory or request for documents. The deadline for your submission is twenty (20) calendar days from the date of receipt. If you fail to submit the requested information within the allotted time, the OHR may: (1) amend the complaint to add a charge of willful resistance to the OHR's investigatory efforts; or (2) certify the complaint to the D.C. Commission on Human Rights for proceedings, which could result in the revocation of any license you, hold which was issued by the District of Columbia.

Once the investigation process is completed, the OHR will review the entire record and make a determination on whether or not there is probable cause to believe discrimination occurred. The determination will be sent by certified mail to both parties and/or their respective counsel.

If you have any questions or concerns, please call (202) 727-0878 or email me at Michelle.Thomas@dc.gov.

Sincerely,

Michelle D Thomas
Equal Opportunity Specialist/Investigator

Enclosure(s)

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 06-248-P(CN)<br>10C-2006-02657 |

D.C. Office Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Blanca E. Zelaya | (202) 529-0278 | 09-11-1974 |

Street Address: 655 Girard Street, N.E., Washington, DC 20017

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNICCO | 500 or More | (800) 283-9222 |

Street Address: 275 Grove Street, Newton, MA 02466

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-01-2005   Latest: 03-24-2006
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I have been discriminated against on the basis of my sex (Female) in the terms, conditions, and privileges of my employment and retaliated against because:

SEXUAL HARASSMENT

Beginning in March of 2005 and ongoing up until March 24, 2006 I have been sexually harassed by Respondent's Building Operations Manager (Male). Almost immediately upon becoming my supervisor, Respondent's Operations Manager began making sexually explicit comments and sexual advances towards me. I immediately informed Respondent's Operations Manager that these comments and advances were offensive to me and unwelcome. The sexual harassment continued despite my complaints.

Respondent's Operations Manager regularly made comments about my body and appearance. In March of 2005 Respondent's Operations Manager told me that he found pregnant women more "hot" and "horny." Respondent's Operations Manager told me that if I did not have someone who could satisfy me sexually, that he would be happy to do it for me.

Throughout this time, Respondent's Operations Manager would regularly touch me in a sexually suggestive manner by rubbing my shoulders and running his hands down my back. This behavior by Respondent's Operations Manager made me extremely uncomfortable and apprehensive about my safety and that of my unborn child.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

~~Hayda Demas~~

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct

04-27-06  X [signature]

| 04-27-06 | [signature] | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| Date | Charging Party Signature | Charles Teixeira Apr. 18, 2006<br>Notary Public, District of Columbia<br>My Commission Expires 02/28/2011 |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | X FEPA | 06-248-P(CN) |
| | X EEOC | 10C-2006-02657 |
| D.C. Office Of Human Rights | | and EEOC |
| State or local Agency, if any | | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On more than one occasion in February and March of 2005, Respondent's Operations Manager led me into a storage room under the pretense that he needed my help to check the inventory supplies, and then proceeded to try to put his hands all over my body.

I always refused the advances made by Respondent's Operations Manager and I repeatedly told him that I wanted him to stop touching me and making comments about my body and appearance and that his sexual advances were unwelcome and frightening.

In March of 2005 I told Respondent's Operations Manager that if the sexual harassment did not cease, I would report him. At this point Respondent's Operations Manager told me that Respondent had attorneys and I could not prove anything. Respondent's Operations Manager then threatened me by telling me that he had the power to get rid of me.

In mid April of 2006 I was in the employee's storage room and I reached into a desk drawer to use a dictionary. When I opened the dictionary, I found two unused condoms hidden inside the dictionary. This office is used by both supervisors and regular employees throughout the day. I was surprised to see condoms in the workplace and I felt it was disrespectful to have condoms somewhere that is not under lock and key.

RETALIATION

In late March of 2005, during the last trimester of my pregnancy, my health insurance company informed me that I was no longer covered because Respondent had stopped making the payments. When I informed Respondent's Operations Manager that my health insurance had been cancelled he told me that there was nothing he could do for me. The union to which I belong wrote a memorandum to the company on April 21, 2005 stating that I was entitled to health coverage and requesting that it be immediately restored.

I asked Respondent's Operations Manager why my health insurance had been cancelled, to which he replied, "this is happening to you because you did not give in to me," and that he could not help me. Respondent did not restore my health coverage until August of 2005. I gave birth on May 25, 2005 and took two months unpaid leave and paid for much of my medical expenses out-of-pocket because Respondent did not restore my health coverage until August of 2005.

On March 17, 2006 I was issued two disciplinary warnings by Respondent's Operations Manager. The first falsely stated that a customer had complained that I was not cleaning the glass doors in the afternoon. The second was because Respondent's Operations Manager alleged that a tenant had reported to him that I was harassing her due to the alleged complaint. This was also false, and the tenant in question wrote a letter to the property manager where I work stating that she had never been harassed by me, and included comments praising my work performance and attitude. Respondent's Operations Manager issued these two baseless warnings and threatened to terminate me if I received another warning.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | Haydn-Demas |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 04-27-06   x [signature] | |

| 04-27-06 | [signature] | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| Date | Charging Party Signature | Apr 18, 2006 |

Charles Teixeira
Notary Public, District of Columbia
My Commission Expires 02/28/2011

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | [X] FEPA | 06-248-P(CN) |
| | [X] EEOC | 10C-2006-02657 |

D.C. Office Of Human Rights     and EEOC
State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Therefore, I charge Respondent with an unlawful discriminatory act on the basis of my sex in violation of the D.C. Human Rights Act of 1977, as amended, and Title VII of the Civil Rights Act of 1964, as amended. I have not commenced any action, civil, criminal or administrative, based on the above allegations, other than the following: CROSS FILED WITH THE EEOC.

EEOC FORM 131-A (5/01)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| UNICCO<br>275 Grove Street<br>Newton, MA 02466 | **PERSON FILING CHARGE**<br><br>Blanca E. Zelaya<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>10C-2006-02657<br>FEPA CHARGE NO.<br>06-248-P(CN) |

### NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
(See the enclosed for additional information)

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act          [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act   [ ] The Equal Pay Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____ (FEP Agency)

[X] The  D.C. Office Of Human Rights  and sent to EEOC for dual filing purposes
         (FEP Agency)

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigation this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Apr 18, 2006 | Kenneth L. Saunders,<br>Director | |

*Enclosure with EEOC*
*Form 131 (5/01)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.